**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW MEXICO**

LOYA INSURANCE COMPANY,

        Petitioner,

v.                                                  No. 1:20-cv-00433-JAP-GBW

KAREN LOYA-GUTIERREZ *et al.*,

        Respondents.

**<u>MEMORANDUM OPINION AND ORDER</u>**

    In this declaratory judgment action, Petitioner Loya Insurance Company ("Loya") seeks various declarations regarding its duties and obligations under an automobile insurance policy it issued to Respondent Rutilio Solis ("Mr. Solis"). *See* PETITION FOR DECLARATORY JUDGMENT ("Petition"), Doc. 1. Because the Court concludes that Loya has failed to meet its burden to show that the Court has subject matter jurisdiction, the Court will dismiss this action without prejudice.

BACKGROUND

    In January 2007, Loya issued Mr. Solis an automobile insurance policy ("Policy") with bodily injury liability limits of $25,000 per person and $50,000 per accident, and a property damage limit of $10,000. *See* Doc. 1 at ¶¶ 8–9; DECLARATIONS, Doc. 1-1. Mr. Solis renewed the Policy in July 2018, at which time it covered three vehicles, including a 2013 Dodge Challenger, each with a bodily injury liability limit of $25,000 per person and $50,000 per accident, and a property damage limit of $10,000. *See id.* at ¶ 10; Doc. 1-1. On August 28, 2018,

Karen Loya-Gutierrez, who appears to be Mr. Solis' daughter[1], was driving Mr. Solis' 2013 Dodge Challenger and was involved in a single-vehicle accident in Albuquerque, New Mexico. *Id.* at ¶¶ 19, 21. Following the accident, a claim "for bodily injuries" was made with Loya "on behalf of the minor child, Cesar Soto.[2]" *Id.* at ¶ 20.

On May 6, 2020, Loya filed its Petition in this Court, naming as Respondents "Karen Loya-Gutierrez aka Karen Solis, Individually and as parent and next friend of Cesar Soto, a minor, and Rutilio Solis[.]" *See* Doc. 1. Loya seeks declarations that (1) the Policy it issued to Mr. Solis does not provide coverage for any injuries or damages arising from the August 28, 2018 accident; (2) it has no duty to indemnify Karen Loya-Gutierrez aka Karen Solis or Rutilio Solis for any injuries or damages arising from the August 28, 2018 accident; (3) it has no duty to defend Karen Loya-Gutierrez aka Karen Solis or Rutilio Solis for any claims against them arising out of the August 28, 2018 accident; (4) it is not liable for any injuries or damages to any person or entity arising out of the August 28, 2018 accident; and (5) the Policy does not provide uninsured motorist or underinsured motorist ("UM/UIM") coverage for any injuries or damages arising out of the August 28, 2018 accident. *See* Doc. 1 at 5–6.

## STANDARD

This case was brought under 28 U.S.C. § 2201, which provides that "[i]n a case of actual controversy within its jurisdiction, . . . any court of the United States, upon the filing of an appropriate pleading, may declare the rights and other legal relations of any interested party seeking such declaration, whether or not further relief is or could be sought." *Id.* "The declaratory

---

[1] *See* Doc. 1 at ¶¶ 12, 14 (alleging that Mr. Solis named Karen Solis, whom Loya believes to be one and the same person as Karen Loya-Gutierrez, as an excluded driver under the Policy); DRIVER EXCLUSION ENDORSEMENT, Doc. 1-2 (naming as an excluded driver "Karen Solis (Daughter)").

[2] It appears that the child was a passenger in the vehicle at the time of the accident, although the Petition does not make this clear.

relief statute, 28 U.S.C. [§] 2201, is not a jurisdictional statute." *Schulke v. United States*, 544 F.2d 453, 455 (10th Cir. 1976). "One seeking relief under the statute must establish a separate and independent basis of jurisdiction[.]" *Id.* (citation omitted).

Loya seeks to invoke this Court's jurisdiction under 28 U.S.C. § 1332 based on the parties' diversity of citizenship. *See* Doc. 1 at ¶¶ 1–3, 5–7. Under 28 U.S.C. § 1332(a), a court has jurisdiction if, in addition to the parties' diversity of citizenship, "the matter in controversy *exceeds* the sum or value of $75,000, exclusive of interest and costs[.]" *Id.* (emphasis added). "The burden of proving jurisdiction is on the party asserting it," and courts "must rigorously enforce Congress' intent to restrict federal jurisdiction in controversies between citizens of different states." *State Farm Mut. Auto. Ins. Co. v. Narvaez*, 149 F.3d 1269, 1271 (10th Cir. 1998) (alteration, quotation marks, and citations omitted). Because federal courts are courts of limited jurisdiction, there is a presumption against the existence of federal jurisdiction. *See Basso v. Utah Power & Light Co.*, 495 F.2d 906, 909 (10th Cir. 1974). Where the record fails to show an independent jurisdictional basis, the district court lacks jurisdiction to grant relief in a declaratory judgment action. *See Schulke*, 544 F.2d at 455. "A court lacking jurisdiction cannot render judgment but must dismiss the cause at any stage of the proceedings in which it becomes apparent that jurisdiction is lacking." *Basso*, 495 F.2d at 909.

## DISCUSSION

The parties' diversity of citizenship is not in dispute. Loya has adequately alleged that it is a citizen of Texas and that Respondents are citizens of New Mexico. *See* Doc. 1 at ¶¶ 1–3.

Regarding § 1332's amount-in-controversy requirement, Loya alleges in the Petition, "[t]he amount in controversy exceeds Seventy-Five Thousand Dollars and No Cents ($75,000.00)." Doc. 1 at ¶ 6. The Petition contains no further allegations explaining how the

amount-in-controversy requirement has been met. Ordinarily, "[w]hen a plaintiff invokes federal-court jurisdiction, the plaintiff's amount-in-controversy allegation is accepted if made in good faith." *Dart Cherokee Basin Operating Co., LLC v. Owens*, 574 U.S. 81, 87 (2014). However, "[t]he trial court is not bound by the pleadings of the parties, but may, of its own motion, if led to believe that its jurisdiction is not properly invoked, inquire into the facts as they really exist." *McNutt v. Gen. Mot. Acceptance Corp. of Ind., Inc.*, 298 U.S. 178, 184 (1936) (quotation marks and citation omitted).

In considering Loya's MOTION FOR DEFAULT JUDGMENT[3] ("Motion"), the Court *sua sponte* raised the question of whether it has jurisdiction over this matter. *See Williams v. Life Savings & Loan*, 802 F.2d 1200, 1203 (10th Cir. 1986) (per curiam) (explaining that "when entry of a default judgment is sought against a party who has failed to plead or otherwise defend, the district court has an affirmative duty to look into its jurisdiction both over the subject matter and the parties"). The Court's concern arose from the fact that by the Petition's factual allegations, taken on their face and construed in their totality, it does not appear that the amount in controversy between the parties exceeds $25,000, much less $75,000. According to the Petition, the only claim that has been made under the Policy is a claim for "bodily injuries" made on behalf of the minor child. *See* Doc. 1 at ¶ 20. The per person bodily injury limit under the Policy is $25,000. *See id.* at ¶¶ 9–10; DECLARATIONS, Doc. 1-1. The Petition neither includes any additional allegations regarding the nature and extent of the claim(s) the minor child has made nor attaches any documents that might indicate that the minor child's claim(s) exceeds $75,000. Thus, it appeared to the Court that the value of the object of the litigation—i.e., the maximum limit of Loya's liability

---

[3] Loya moved for default judgment after default was entered against Respondents based on their failure to answer the Petition or otherwise defend in this action. *See* MOTION FOR DEFAULT JUDGMENT, Doc. 9; REQUEST FOR CLERK'S ENTRY OF DEFAULT AND AFFIDAVIT, Doc. 6; CLERK'S ENTRY OF DEFAULT, Doc. 7

under the Policy for the only claim that is alleged to have been made—was $25,000. *See City of Moore, Okla. v. Atchison, Topeka, & Santa Fe Ry. Co.*, 699 F.2d 507, 509 (10th Cir. 1983) ("In a declaratory judgment action, the amount in controversy is measured by the value of the object of the litigation." (citing *Hunt v. Wash. State Apple Advertising Comm'n*, 432 U.S. 333, 347 (1977))); *see also Narvaez*, 149 F.3d at 1271 ("Where insurance coverage is denied, the maximum amount in controversy is the maximum limit of the insurer's liability under the policy." (quotation marks and citation omitted)).

In its NOTICE OF HEARING, the Court ordered Loya to be prepared to address the basis for this Court's jurisdiction under 28 U.S.C. § 1332. *See* Doc. 15. At the hearing on the Motion, Loya represented that as part of the minor child's claim for bodily injuries, he has also claimed that Mr. Solis' rejection of UM/UIM coverage "was invalid and that [the minor child] should be entitled to stacked coverage." Default Judgment Hearing, Nov. 13, 2020, Tr. 4:5–7[4]; *see id.* at 6:2–6. Loya argued that the amount in controversy is therefore satisfied because the minor child is claiming "not only entitlement to the liability proceeds under this case, which would be $25,000, but also to entitlement to stacked UIM coverage, and that would equal $75,000." *Id.* at 3:12–17. In its REPLY IN SUPPORT OF MOTION FOR DEFAULT JUDGMENT[5], Loya maintains that jurisdiction is proper because if the Court declares that Mr. Solis' rejection of UM/UIM coverage was valid, that would "prohibit the minor from recovering $75,000 in benefits[,]" making it "undeniable that $75,000 is 'in play'" in this matter. Doc. 21 at 4–5.

---

[4] This MEMORANDUM OPINION AND ORDER cites to the court reporter's unofficial transcript. All page and line citations are subject to change on the official, edited transcript.
[5] Counsel for the minor child entered an appearance and filed a motion to vacate the default judgment hearing on the day of the hearing. *See* ENTRY OF APPEARANCE AND MOTION TO VACATE DEFAULT HEARING, Doc. 16. When he appeared at the hearing, the Court granted him leave to file a response to Loya's Motion for Default Judgment and Loya an opportunity to reply on its Motion. *See* CLERK'S MINUTES, Doc. 17.

Even assuming arguendo that the controversy between the parties indeed involves a claim that Mr. Solis' rejection of UM/UIM coverage was invalid—something the Petition does not actually allege—the amount in controversy in this case still fails to meet the jurisdictional threshold. Here, by Loya's own contentions, the maximum value of the right to be protected in this litigation is $75,000. But to establish jurisdiction based on diversity, the amount in controversy must *exceed* $75,000. *See* 28 U.S.C. § 1332.

The Tenth Circuit's decision in *Narvaez* is instructive. In that case, an insured made a claim under his auto insurance policies for exactly $50,000 in uninsured motorist benefits after he was assaulted while entering his van. *See id.*, 149 F.3d at 1270. The insurer filed a declaratory judgment action seeking a declaration that the uninsured motorist provisions of the policies did not cover the insured's injuries. *See id.* The district court raised a concern that the claim for $50,000 failed to meet the minimum amount in controversy required to establish diversity jurisdiction, which, at the time, required an amount *in excess* of $50,000. *See id.*; 28 U.S.C. § 1332(a) (1994). After the insurer amended its complaint and added a request for a declaration that the insurer did not owe interest on the unpaid insurance policies, the district court granted the insurer summary judgment, and the insured appealed. *See id.*

Despite that the issue of jurisdiction was not raised on appeal, the Tenth Circuit *sua sponte* addressed whether the district court had subject matter jurisdiction over the action. *See id.* at 1270–71. Noting that the version of § 1332 in effect when the action was filed "provided for diversity jurisdiction 'where the matter in controversy *exceeds* the sum or value of $50,000, exclusive of interest and costs[,]'" the Tenth Circuit first held that "the dispute between State Farm and Narvaez over $50,000 in uninsured motorist benefits, alone, is inadequate to confer subject matter jurisdiction." *Id.* at 1271. The court then rejected the insurer's arguments that the value of either

of two other claims could be aggregated with the $50,000 claim to reach the jurisdictional threshold. *See id.* at 1271–72. Concluding that "the amount in controversy is exactly $50,000, the limit of Narvaez's policies," the court remanded the case for purposes of dismissing it for lack of jurisdiction. *Id.* at 1272.

Here, the amount in controversy is, at most, exactly $75,000. Loya itself has repeatedly conceded this fact and has offered no other basis upon which the Court may find that the jurisdictional threshold has been met. Because it was Loya's burden to establish that jurisdiction in this action was proper, and because the Court concludes that Loya has not met its burden, the Court is left with no choice but to dismiss this action for lack of subject matter jurisdiction.

IT IS ORDERED THAT this action is DISMISSED WITHOUT PREJUDICE.

_____
SENIOR UNITED STATES DISTRICT JUDGE